**Entered on Docket**
**November 23, 2010**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed: November 22, 2010**



_____
ALAN JAROSLOVSKY
U.S. Bankruptcy Judge
_____

1 TRAVIS J. LILLIE (CA SBN 267339)
GABRIEL OZEL (CA SBN 269098)
2 ALEXIS BORNHOFT (CA SBN 270200)
PITE DUNCAN LLP
3 4375 Jutland Drive, Suite 200
P.O. Box 17933
4 San Diego, CA 92177-0933
Telephone: (858) 750-7600
5 Facsimile: (619) 590-1385

Attorneys for CITIMORTGAGE, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>JOANN MARIE BECKMAN,<br><br><br><br><br><br><br><br>Debtor(s). | Case No. 09-13975<br><br>Chapter 7<br><br>R.S. No. MAW-2078<br><br>ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY<br><br>DATE: November 10, 2010<br>TIME: 9:00 AM<br><br>Northern District of California - Santa Rosa Division<br>United States Bankruptcy Court<br>99 South "E" Street<br>Santa Rosa, CA 95404-6524 |

The above-captioned matter came on for hearing on November 10, 2010, at 9:00 AM, upon the Motion of CitiMortgage, Inc. ("Movant"), for relief from the automatic stay of 11 U.S.C. § 362, to enforce its interest in the property of Joann Marie Beckman ("Debtor") commonly known as 16640 Armstrong Woods Road, Guerneville, California 95446 (the "Real Property"), which is legally described as follows:

> SEE LEGAL DESCRIPTION AS EXHIBIT FOR PROPOSED ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY, DOCKET NUMBER 26.

- 1 -

Appearances as noted on the record.

Based on the arguments of counsel, and good cause appearing therefor,

IT IS HEREBY ORDERED:

1. The automatic stay of 11 U.S.C. § 362, is hereby terminated as it applies to the enforcement by Movant of all of its rights in the Real Property under Note and Deed of Trust;

2. Movant is authorized to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust, and pursuant to applicable state law;

3. The 14-day stay provided by Bankruptcy Rule 4001 (a)(3) is not waived;

4. Post-petition attorneys' fees and costs for the within motion may be added to the outstanding balance of the subject Note as allowed under applicable non-bankruptcy law;

5. Upon foreclosure, in the event Debtor fails to vacate the Real Property, Movant may proceed in State Court for unlawful detainer pursuant to applicable state law; and

6. Movant may offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtor. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtor if Debtor's personal liability is discharged in this bankruptcy case;

7. This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

** END OF ORDER **